I respectfully dissent from the majority as to its analysis and disposition of the first assignment of error. I have examined the transcripts from the original sentencing hearings of June 28, 1999, and November 22, 1999, and the Judgment Entries of July 1, 1999, and November 24, 1999, which were filed following the original sentencing hearings. (These entries granted community control sanctions.) I have also examined the transcript from the sentencing hearing of February 8, 2000, and the Judgment Entry of February 9, 2000, which was filed following that hearing. (This was the entry which ordered prison time for the violations of the community control conditions.) I do not find that the trial court complied with making the statutory findings required under 2929.14(E)(4) for consecutive sentences or that the trial court set forth the case specific reasons for selecting consecutive sentences as required by 2929.19(B)(2)(c) and the reasoning of State v. Edmonson (1999),86 Ohio St.3d 324. I would, therefore, sustain the first assignment of error and reverse and remand this matter for a new sentencing hearing.
I concur with the majority as to the analysis and disposition of the remaining assignments of error.
 ____________________________ JUDGE JULIE A. EDWARDS, P.J.